### Raum v. Board of Council City of Danville.

### Same v. Same.

(Decided November 11, 1913).

## Appeals from Boyle Circuit Court.

1. Intoxicating Liquors—Prosecution for Violation of Local Option Law—Evidence.—Where a police officer who suspected one was engaged in violating the local option law employed another in an effort to apprehend the suspect, and the officer watched the one so employed go into the house of the suspect and saw him come out, the testimony of the officer and the one so employed as to the purchase and payment of the whiskey were relevant and does not come within the rule reiterated in Franklin v. Commonwealth, 105 Ky., 244, and Pedigo v. Commonwealth, 103 Ky., 41.

2. Accomplice—Violation of Local Option Act—When One Not Accomplice in.—One who procures whiskey for another in violation of the 1912 act, is not an accomplice of the man who sells it to him in violation of the local option act.

ROBERT HARDING, JOHN W. SAWLINGS for appellant.

CHENAULT HUGUELY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellant was convicted for two violations of the local option law during June, 1912. The prosecutions originated in the police court of the city of Danville. He appealed to the circuit court of Boyle County, and

was convicted again in both cases. In one his punish-
ment was fixed at $100.00 fine and forty days imprison-
ment, and in the other his fine was $60.00 and twenty-
five days imprisonment. Both sentences of imprison-
ment were coupled with hard labor. It is practically
conceded, or at events we so hold, that the evidence
warranted the submission of each of these cases to the
jury, unless the testimony was incompetent as appellant
contends.

The facts in each case are so similar, and the legal
propositions being identical, we will consider the cases
together.

It is evident that appellant, Raum, and perhaps
others were under suspicion of previous violation of the
local option law, and the chief of police, Logan Wood,
in an effort to apprehend the violators, employed Riley
Williams and Riley Preston, men of alleged unsavory
reputation, to aid him in procuring evidence. They
were to be paid $1.50 each per day, but the pay was not
conditioned upon the value of their services, and under
their contract of employment it was immaterial to them
whether or not evidence was procured against any one.

On the night of June 20th Williams and Preston by
pre-arrangement met Chief Wood in an alleyway some
distance from Raum's home. The Chief carefully
searched Williams and Preston and ascertained that
neither had upon his person any whiskey or bottle. He
gave to Preston 50 cents and an empty half pint bottle
which he marked for identification, and they together,
both Preston and Williams, went with Wood to a nearby
point where he could see them enter Raum's house.
Wood remained at this spot until Preston and Williams
returned, which was about ten minutes. Wood swears he
saw them go into Raum's house, and knows they had no
whiskey when they went in. They returned in a few
moments and brought to him the flask, which he had
given them, partially filled with whiskey.

Preston swears that when he got into the house, he
called Raum, and upon payment to Raum of 40 cents,
Raum filled his bottle and delivered it to him, and that
with Williams, he drank a portion of it at the house, and
delivered the remainder in the bottle to Wood.

Appellant insists that the court erred in permitting
Wood and Preston to testify to these facts not occurring
in the presence of Raum, and cites the cases of Franklin
v. Commonwealth, 105 Ky., 244, and Pedigo v. Common-

wealth, 103 Ky., 41, and some others of similar import.
All these cases are simply reiterations of the general
rule, that acts of strangers, not pertinent to the issue,
or their conversations, when not in the presence of the
accused, are not competent evidence against him.

It will be observed that the testimony of Wood and
Preston, objected to, was not as to any conversations
they had, but merely described certain physical facts,
and substantive evidence strongly tending to corrobor-
ate the fact that Raum sold Preston the whiskey, and
to make out a case of circumstantial evidence pointing
to Raum's guilt. Since the evidence of these witnesses
was not as to any conversation they had, and the acts
proven were relevant to the issue, we think counsel is
mistaken in his application of the cases cited. .

Appellant severely criticises the method adopted by
the prosecution in procuring the evidence against him,
but people living in glass houses must not throw stones.
Violators of the local option law derive their profits
largely from transactions with irresponsible men—men
whom they believe would deny the sale if interrogated
on the point—men whose credibility at least is not above
reproach. It is enough that they be permitted to im-
peach the character of the prosecuting witnesses, but
it does not lie in their mouth to impugn the motives of
officials and good citizens who desire to enforce and up-
hold the law, when they supply corroborating evidence
based upon irreputable facts and circumstances.

Appellant further argues that Preston was an accom-
plice, and that the court should have instructed the jury
not to convict Raum upon Preston's testimony unless
that testimony was corroborated by other evidence tend-
ing to connect Raum with the commission of the offense.
Conceding for the moment that Preston was an accom-
plice, his testimony was corroborated by the evidence
of Wood, above discussed. In our opinion, however,
Preston was in no sense an accomplice in the crime of
selling this whiskey, the offense with which Raum was
charged. For that reason it is unnecessary to consider
whether the rule of evidence as to accomplices (Section
241, Criminal Code) applies to misdemeanors. Raum
was charged with selling whiskey in violation of the
local option law. Appellant contends that Preston was
an accomplice because he purchased the whiskey in vio-
lation of an act of the 1912 Legislature (page 656), in
which it was declared to be unlawful to purchase or pro-

cure whiskey for another. This act is not an amendment to the local option act. It creates an altogether new and distinct offense from any denounced by the local option act. An accomplice is one who is in some degree involved in the offense charged, and who can be indicted for the same offense with which the accused is being tried. One who procures whiskey for another in violation of the 1912 act is not an accomplice of the man who sells it to him in violation of the local option act. Neither do we mean to hold that there was an infraction of any law of the Commonwealth when Preston procured this whiskey for Wood to be used as evidence in behalf of the Commonwealth.

The judgment in both appeals is, therefore, affirmed.