## Delong v. Commonwealth.

(Decided March 16, 1923.)

### Appeal from Johnson Circuit Court.

1. Criminal Law—Cross-Examination of Accused as to Immaterial Matter Held Harmless.—In a prosecution for unlawful transporting intoxicating liquor, cross-examination of accused as to whether he had not frequently visited a certain widow was immaterial, and not prejudicial to him, where neither the name nor the character of the woman was mentioned, and especially where he denied having made the visits.

2. Witnesses—Cross-examination as to Disposition Made by Witness of Whiskey Transported by Accused is Immaterial.—In a prosecution for unlawfully transporting intoxicating liquor, it was immaterial what disposition was made by the commonwealth's witness of the whiskey which he testified defendant had transported and delivered to him, so that it was not error to refuse the right to cross-examine the witness with reference thereto.

3. Criminal Law—Witness Receiving Whiskey Transported by Defendant Held not an Accomplice.—Where there was no evidence that the commonwealth's witness, who testified he received from defendant the whiskey which defendant was accused of transporting, had any control over or custody of it while defendant was transporting it, he was not an accomplice of accused, under Criminal Code of Practice, section 241, requiring corroboration, even if thereafter he also was guilty of violating the prohibition laws.

4. Criminal Law—New Evidence as to Contradictory Statements by Witness for Prosecution Does not Require New Trial.—Newly discovered evidence that the witness for the commonwealth had made statements to several persons inconsistent with his testimony is merely impeaching evidence, for which a new trial need not be granted.

J. B. CLARK for appellant.

CHAS. I. DAWSON, Attorney General, and T. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted charged with unlawfully transporting spirituous liquor. On his trial he was found guilty, and a new trial having been denied him, he has appealed.

On the trial only one witness testified for the Commonwealth and he stated in substance that he saw appellant on the road in Johnson county with six gallons of whiskey which he had brought on his horse from Martin county, and that defendant had turned over to witness the six gallons of whiskey and he had taken it and hid it.

Defendant himself testified, denying the statements of the Commonwealth's witness.

His first ground for reversal is that the court erred to his prejudice in permitting the attorney for the Commonwealth to ask him on cross-examination whether he had frequently been to see a certain widow on Greasy creek. Neither the name nor the character of the woman in question is given, and it is difficult to see how this could have been prejudicial. In any event appellant in his evidence denied ever having been there, or that he frequently went on such visits. The evidence was wholly immaterial in any event and could not have been prejudicial.

A further reason assigned for reversal is that the court erred in refusing defendant the right to cross-examine the Commonwealth's witness and require him to show what he did with the liquor which appellant was charged with transporting. For the purposes of this case it is perfectly immaterial what the prosecuting witness did with the liquor. If the prosecuting witness himself was guilty of some infraction of the prohibition laws, it neither added to nor subtracted from the guilt of appellant in this case.

The further claim is asserted that defendant was entitled to an instruction under the provisions of section 241 of the Criminal Code which provides the evidence of an accomplice must be corroborated and that a conviction cannot be had upon such evidence unless corroborated by other evidence tending to connect the defendant with the commission of the offense. There is nothing in the evidence, however, to suggest in the remotest sense that the witness was an accomplice of appellant in the transportation of the whiskey. So far as the evidence shows the parties either met on the road, or appellant brought the whiskey to the witness' house, or place of business. There is nothing to suggest that the witness had any control over or custody of the whiskey while appellant was transporting it. And if after the transportation and delivery of the whiskey to the witness, he also was guilty of some infraction of the prohibition law, it did not make him in any sense an accomplice of appellant in the transportation.

With his motion for a new trial defendant filed certain affidavits as to alleged newly discovered evidence.

The affidavits are in substance that the witness for the Commonwealth had said to several persons that he did not make any indictment against appellant, and knew nothing about the indictment against him and did not see or know of his transporting any liquor in Johnson county.

This is merely impeaching evidence and tends only to contradict the witness for the Commonwealth. Waiving, for the purposes of this opinion, the question of diligence, it has often been held that a new trial will not be granted on account of newly discovered evidence which only tends to impeach or discredit the statements of a witness given on the trial. Ray v. Commonwealth, 184 Ky. 800.

Judgment affirmed.