### Fryman v. Commonwealth.

(Decided October 19, 1928.)

## Appeal from Bourbon Circuit Court.

1. Criminal Law.—Evidence in prosecution for transporting intoxicating liquor, showing transportation was made in defendant's automobile with accomplices, together with other circumstances, was sufficient to corroborate testimony of accomplices, under Criminal Code of Practice, sec, 241, and peremptory instruction for defendant was properly overruled.

2. Criminal Law.—Evidence in prosecution for transporting liquor, showing witness participated in moving liquor from automobile to

hiding place and actively participating in transporting liquor over part of entire trip, and that witness went to hiding place of defendant's accomplice, showed that such witness was an accomplice, and court erred in assuming witness was not an accomplice, and in failing to submit issue to jury by proper instruction.

3. Criminal Law.—Whether person is an "accomplice" is determined by whether he so participated, aided, or abetted in commission of particular offense as to authorize his conviction, either as principal or aider and abetter, if he himself was on trial.

4. Criminal Law.—Where facts are either agreed on or undisputed, it is then question of law for court to determine whether witness whose testimony is drawn in question is or is not an accomplice; but if participation of witness, so as to create him an accomplice, is in dispute from testimony or circumstances of case, then question whether or not he is an accomplice is for jury under appropriate instructions from court.

5. Criminal Law.—In prosecution for transporting liquors, error of court in assuming that witness, testifying for state, was not an accomplice, and that his testimony needed no corroboration, under Criminal Code of Practice, sec. 241, held prejudicial to defendant, since, under court's assumption, witness' testimony alone would authorize conviction, but, if he was accomplice, his testimony alone could not sustain conviction.

6. Criminal Law.—Testimony of one accomplice does not furnish necessary corroboration of another accomplice to sustain conviction, under Criminal Code of Practice, sec. 241.

GENE LAIR for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, Charles Fryman, at his trial under an indictment accusing him and Raymond Herrington of the offense of unlawfully transporting intoxicating liquor, was convicted. His motion for a new trial was overruled, and he has filed a transcript of the record in this court, with a motion for an appeal. The two principal grounds urged in support of the motion and for a reversal of the judgment are, (1) the insufficiency of the testimony to sustain the conviction and error of the court in overruling defendant's motion for an instruction of acquittal; and (2) that the court improperly instructed the jury.

1. A most careful reading of the evidence heard upon the trial clearly convinces us that ground (1) is

without merit and cannot be sustained. It is based upon the theory that the two chief witnesses for the commonwealth, Herrington and Darrell, were accomplices of defendant, and that there are no corroborating circumstances or facts to sustain their testimony, and under the provisions of section 241 of the Criminal Code of Practice defendant was entitled to a peremptory instruction. But the record discloses a number of circumstances, which we will take neither the time nor space to recite in detail, pointing to the guilty participation of defendant in the transporting of the liquor by him and the other two witnesses mentioned. It is quite conclusively established that the transportation was made in defendant's automobile. Directly after it was hidden in a wheat field by the side of the pike some three or four miles from Paris, Ky., it was proven, and defendant admits, that he was in his automobile with his other two alleged companions. A policeman testified that, on the night that the automobile started on the trip to Newport to procure the whisky, he saw it, with three persons in it, going in the direction of Newport, and that one of the occupants was Darrell. There are other circumstances found in the record which, with those mentioned, supply the necessary corroborating facts to authorize a conviction upon the testimony of an accomplice, and this ground is overruled.

2. The court, in submitting to the jury the weight to be given to the testimony of an accomplice, said:

> "The defendant cannot be convicted upon the testimony of Garthledge Darrell, an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof."

It will be observed that the court in that instruction submitted the corroborating rule, as contained in section 241 of the Criminal Code, only as to the witness Darrell, thereby determining himself that the witness Herrington was not an accomplice, and that his testimony needed no corroboration under the section of the Code referred to. Furthermore, by so instructing the jury, and by so assuming with reference to the testimony of Herrington, the jury were in effect told that the testimony of Herrington could be accepted as corroborative of that of Darrell, so

as to authorize a conviction under the Code provisions. It therefore becomes necessary to briefly notice the substance of the testimony, in order to determine whether the court was or not correct in the particulars referred to.

It will be remembered that Herrington was jointly indicted with appellant, Fryman, and he was the first witness introduced by the commonwealth. He said in his testimony that he was standing on the streets of Paris, engaged in a conversation with defendant, Fryman, and Darrell, when the former asked him to take a ride, and the three got in defendant's automobile and started in the direction of Cynthiana, and that he did not know where they were going until he got beyond that city; that when they got to Newport Darrell and defendant went into a house, and brought out five gallons of moonshine liquor; and put it into the car, and the three then started back for Paris, but, when they got within four or five miles of it, that "we got out, and hid the whisky in the field;" that he let defendant out at his (defendant's) house, and witness then drove the car to the home of Darrell, where the latter got out, and he then drove it up the street. He then said, "After a few minutes I went back and got Darrell, and we drove out where the whisky was hidden," and when they got there an officer was on the scene and arrested them. He denied owning an interest in the whisky, or having anything to do with its transportation, but he furthermore said on cross-examination:

"I know that the fact that I am testifying against Fryman on behalf of the commonwealth relieves me of any criminal liability growing out of the transportation of the whisky in question. I know this, because I have been so advised by several competent attorneys."

Darrell was then introduced by the commonwealth, and he testified that he suggested to defendant to go to Newport for the whisky and that they took along with them Herrington, and that on the return trip, just before they reached Paris, "we came back towards Paris by way of Peacock pike, and stopped out in the country on that pike, and hid the whisky in a wheat field by the side of the road." He stated that between the place where the whisky was hidden and Paris the machine was searched by an officer who had a search warrant, but nothing was found, since the liquor had been deposited in the wheat

field. He then testified about defendant and himself getting out of the machine at their respective homes, and that the car was then driven by Herrington alone. He furthermore testified, as did Herrington, also, that the latter soon returned, and the two went to the place where the liquor was hidden, followed by the arrests by the officers, who were also there. An officer testified that he searched the car after the whisky was hidden in the field, and that it was then occupied by defendant, Darrell, and Herrington.

Defendant denied maknig the trip to Newport. On the contrary, he stated that he was in Paris and Millersburg on the day it was made, and he proved by a blacksmith living in the latter town that he was there on that day. He explains his presence in the car at the time of the search (which was after the liquor was hidden) by the fact that he was returning from Millersburg, and overtook Darrell and Herrington on some of the pikes he traveled, and picked them up between the place where the whisky was hidden and the city of Paris.

Under the facts, as so briefly outlined, we are convinced that the testimony was sufficient to authorize the jury to conclude that Herrington was an accomplice, and that the court erred in assuming to the contrary, and in failing to submit that issue to the jury by a proper instruction. It is almost impossible to believe that Herrington made the trip all the way from Paris to Newport without knowing the purpose of the trip, and he himself admits, as was also testified to by Darrell, that he participated in moving the whisky from the automobile to its hiding place in the wheat field. The final destination of the contraband cargo, from the time it started at Newport, was not reached until it found its resting place in the wheat field, and Herrington admitted in his testimony that he actively participated and assisted in the transportation of the liquor over a part of that entire trip, and he was corroborated in that by the other accomplice, Darrell. Moreover, as we have already seen, Herrington, after he had reached his home and on the same night of the hiding of the liquor, went to the hiding place with Darrell, and there is no testimony in the record that he knew of any prearranged scheme whereby the officers would be present, pursuant to previous understanding, for the capture and conviction of defendant, as was testified to by the accomplice, Darrell.

An entirely different state of facts was presented in the case of Delong v. Commonwealth, 198 Ky. 316, 248 S. W. 839, and relied on in brief for the commonwealth. There the defendant's transportation was ended when he delivered the liquor to the alleged accomplice, who then and there began a new transportation, entirely separate and distinct from that participated in by defendant, Delong. We have in a great number of cases defined the elements necessary to constitute one an accomplice. The test is, whether the alleged accomplice had so participated, aided, or abetted in the commission of the particular offense as to authorize and sustain his conviction, either as principal or an aider and abetter, if he himself was on trial. Raum v. Board of City Council of Danville, 155 Ky. 690, 160 S. W. 255; Crouch v. Commonwealth, 201 Ky. 460, 257 S. W. 20; Baker v. Commonwealth, 212 Ky. 50, 278 S. W. 163. It is well settled that, where the facts are either agreed or undisputed, it is then a question of law for the court to determine whether the witness whose testimony is drawn in question is or not an accomplice; but, if the participation of the witness, so as to create him an accomplice, is in dispute from the testimony and the circumstances of the case, then it becomes a question for the jury to determine whether or not he is an accomplice under an appropriate instruction from the court.

We are convinced that the testimony in this case was such as to require a submission of that issue to the jury, and that the court erred in failing to do so, and in assuming that Herrington was not an accomplice. That the error, as so pointed out, was prejudicial to defendant, there can be no question.

Under the court's assumption, Herrington's testimony alone authorized the conviction, but, if he was an accomplice, the conviction could not be sustained under his testimony alone; nor could that of Darrell, the acknowledged accomplice, corroborate that of Herrington, since the rule is also well settled that the testimony of one accomplice does not furnish the necessary corroboration of another accomplice, to sustain a conviction under the provisions of the Criminal Code, supra. See Blackburn v. Commonwealth, 12 Bush, 181; Smith v. Commonwealth, 17 S. W. 182, 13 Ky. Law Rep. 369; and Porter v. Commonwealth, 61 S. W. 16, 22 Ky. Law Rep. 1657.

For the reasons indicated, the motion for an appeal is sustained, and the appeal is granted, and the judgment is reversed, with directions to grant the new trial and for proceedings consistent herewith.