[File No. Cr. 93.]

# STATE OF NORTH DAKOTA, Respondent, v. D. I. TODD, Appellant.

(244 N. W. 25.)

Opinion filed August 18, 1932.

*A. J. Knox* and *Arthur LeSueur,* for appellant.

*James Morris,* Attorney General, and *Arthur J. Gronna,* States Attorney, for respondent.

BIRDZELL, J. The defendant was convicted of the crime of grand larceny and he appeals from the judgment. The information charges the felonious taking from Fred Summers, the owner, of one three-year old cow of the value of $60, with the intent to deprive the true owner thereof. The crime is alleged to have been committed on or about the 15th day of December, 1930. The circumstances of the alleged theft, as they appear in the evidence, are substantially as follows:

Fred Summers, a rancher living in Billings county about eighty miles from Williston, in the winter of 1929 and 1930 wintered some cattle in Williams county. He bought some hay of the defendant Todd and in the latter part of the winter or early spring fed it to his cattle

upon the Todd ranch, which was situated approximately five miles southeast of Williston. On or about the 7th day of April Summers and his hired men went to the Todd ranch for the purpose of removing the cattle. They drove the herd away about three o'clock in the afternoon and camped that night about three miles east of the Todd ranch. It seems that two of the cows had calves which were left at the Todd ranch and on this account they strayed away from the herd and went back. They were later missed and Summers went back and found one cow and the calves, but did not find the cow in question. The missing cow was branded. One Grenno, who worked for Todd, later told the authorities that he and Todd had butchered the cow in question upon the Todd ranch in December, 1930, and sold the meat. The place of the butchering was located. The hide was found and the portion of it bearing the brand was cut out. Grenno knew that the cow in question belonged to Summers and he testified concerning his participation in the butchering and in the disposition of the meat. He also testified concerning the putting of the cow in a shed the next morning after the cattle had been driven away and keeping her there for two days under the direction of Todd, later removing her to a pasture where she was kept with the defendant's cattle. During the time she was in the shed, according to this evidence, Todd told Summers he thought he had seen her in the northwest corner of the field. Under Grenno's testimony he was an accomplice.

It is urged upon this appeal that the information does not charge the crime of appropriating lost property; that it is not drawn under § 9914 of the Compiled Laws of 1913, making such an offense larceny; that the evidence shows the cow to have been left with Todd as a bailee; and that consequently if he is guilty of any offense it is the offense of embezzlement rather than larceny.

The charge is not brought under § 9914 of the Compiled Laws of 1913. It is a simple charge of grand larceny. There is no merit in the contention that the evidence shows the cow to have been left with Todd as a bailee. There is ample evidence of stealth in connection with Todd's possession of the cow from April 7th on. This rests not alone upon the testimony of Grenno, but upon the general circumstances of possession and statements attributed to the defendant. For instance, in response to an inquiry from Summers early in December

as to whether Todd had seen the cow lately, he stated "No, I don't believe I have," or "I haven't seen her lately." Another witness testified to the defendant's saying that he had bought the cow. True, there is evidence from which the jury might have inferred that Todd was acting as a bailee, but there is also other evidence which amply warrants the inference that his possession from April on was wrongful.

Another principal contention is that the evidence is insufficient to support a conviction in that certain elements of the crime, if established, rest solely upon the uncorroborated evidence of Grenno, the accomplice. Section 10,841 of the Compiled Laws of 1913 reads: "A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

In this case there is ample evidence to connect the defendant with the commission of the offense aside from the testimony of Grenno. There is evidence that shortly before the animal was butchered it was seen in his pasture. There is evidence that it was butchered in the pasture. Its identity was established by the brand. There is evidence that soon after the cow was no longer seen in the pasture the defendant disposed of meat and the persons who purchased it testified to buying it from the defendant. True, the meat was not identified as being the meat from the particular cow, but its condition was established to be such that it must have been butchered under the general conditions in which the cow in question was butchered. Sale of meat by the defendant at this time was an independent circumstance tending to connect him with the crime. This evidence taken as a whole, in our opinion, satisfies the statutory requirement of corroboration. The rule is that it is not necessary that the corroborative evidence should directly confirm any particular fact testified to by the accomplice and that where the accomplice is strongly corroborated by facts and circumstances connecting the accused, the conviction should be sustained though the corroborative evidence be circumstantial. See 16 C. J. 705.

We have carefully considered the entire record. It clearly discloses that the defendant had a fair trial, and the evidence is such as to present a question of fact for the jury as to his guilt of the offense charged.

It follows that the judgment and the order denying a new trial must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.