## Gossett v. Commonwealth.

(Decided June 24, 1938.)

R. C. TARTAR and LAWRENCE S. HAIL for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

By verdict and judgment of the Pulaski circuit court, Buck Gossett has been convicted of grand larceny and sentenced to imprisonment for two years. He is appealing.

The principal grounds relied on for reversal are: (1) That Nannie Meadows was an accomplice and there was no evidence, direct or circumstantial, to corroborate her evidence and therefore the court erred in not sustaining appellant's motion for a peremptory instruction; (2) that the court erred in not submitting to the jury under appropriate instructions whether Nannie Meadows was an accomplice and that if they believed from the evidence that she was, they should consider her evidence as provided in section 241 of the Criminal Code of Practice.

By joint indictment, appellant and Lonnie Howard were charged with stealing from John Hyden a quantity of honey of a value in excess of $20. The honey was stolen in the winter of 1930 but the indictment was not returned until the latter part of 1936. John Hyden testified that his honey was taken one night; that he discovered the theft the next morning when he went to the bee stands about a half mile from his home; that the caps were off the bee stands and the bees around on the ground dead. He found a hatchet near the bee hives. The ground was soft from a recent rain and he discovered the tracks of three men and two women around the hives and he followed the same tracks leading out to the public highway and discovered on the way the imprint of the bottom of a large can or cans on the ground.

Nannie Meadows testified that late in the evening or early in the night on which Mr. Hyden's honey was said to have been taken, Buck Gossett, Lonnie Howard and a man called "Cincinnati Frank" came to her house in an automobile; that she and her niece got in the car with them, drove to Lou Helton's where they stayed for a while and then went down near the county line between Pulaski and McCreary counties. She further testified that the automobile was stopped near a gate where

she and her niece and Lonnie Howard remained but that Buck Gossett and the other man left and were gone 30 minutes to an hour and when they returned they were carrying what appeared to be about 50 pound lard cans on their shoulders; that they put the cans in the automobile and left. She did not see and was not told what was in the cans nor did she know where Hyden lives. Mrs. Belle Hansford who lives in the same community as Mr. Hyden testified that after dark on the night the honey was said to have been taken, she saw an automobile passing her home. She could only see the bulk of the car and that it looked like or compared in size and shape with the automobile of Lonnie Howard. While a number of other witnesses were introduced by the commonwealth this is the substance of the evidence relied on by the commonwealth.

It is at once apparent from the foregoing that if the evidence of Nannie Meadows be eliminated there would be little if anything left conducing to show that appellant was in any way connected with or participated in the crime charged in the indictment. It was not claimed that any of the tracks leading to and from or around the bee stands corresponded with or could be identified as tracks of appellant; nor is it shown that he ever disposed of or had in his possession any honey. No person except Nannie Meadows claims to have seen him in or near the vicinity in which Mr. Hyden lived at or near the time the honey was taken. The evidence of Mr. Hyden when considered in connection with the evidence of Nannie Meadows indicates or at least leaves no escape from the inference that if appellant committed or participated in the commission of the crime for which he has been convicted Nannie Meadows also was present and participated in the crime, since the tracks of three men and two women were found around the bee stands that had been robbed and leading from there to the highway.

Section 241 of the Criminal Code of Practice provides:

"A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense

was committed, and the circumstances thereof.''

Section 242 provides:

''In all cases where, by law, two witnesses, or one witness with corroborating circumstances, are requisite, to warrant a conviction, if the requisition be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, by which instruction they are bound.''

Counsel for appellant cite Means v. Commonwealth, 238 Ky. 366, 38 S. W. (2d) 193 and other cases decided by this court prior to the rendition of the opinion in Williams v. Commonwealth, 257 Ky. 175, 77 S. W. (2d) 609, respecting the character of evidence necessary to corroborate that of an accomplice under section 241. In Williams v. Commonwealth, supra, there is an exhaustive citation and discussion of the authorities with respect to the evidence of an accomplice and the purposes for which sections 241 and 242 of the Criminal Code of Practice were enacted. In that case the rule which had been gradually extended and enlarged until it had virtually been held that the evidence apart from that of the accomplice should be sufficient to warrant a conviction was greatly relaxed and it was held in effect, as is clearly manifest from the quoted provisions of the Code, that corroborating evidence tending to connect the accused with the commission of the crime is sufficient. That case has been consistently followed. See Mills v. Commonwealth, 259 Ky. 666, 83 S. W. (2d) 32; Alexander v. Commonwealth, 262 Ky. 93, 89 S. W. (2d) 867; Walker v. Commonwealth, 257 Ky. 613, 78 S. W. (2d) 754; Lovan v. Commonwealth, 261 Ky. 198, 87 S. W. (2d) 381. However, as will clearly appear from our resume of the substance of the evidence there is little if indeed any evidence of a substantive character or probative value other than that of Nannie Meadows tending to connect appellant with the commission of the offense for which he has been convicted, but, since the judgment must be reversed on the second ground urged for reversal the question as to the sufficiency of the corroborating evidence is reserved.

It is a prevailing rule in this jurisdiction that where the facts are undisputed or there is no disagreement concerning them, the question as to whether a witness whose testimony is drawn in question is or is not an

472

accomplice, is one for the court to determine, but it has been consistently held that where, as in this instance, the evidence or proven facts or circumstances tend to show that the witness so participated or had a part in the commission of the crime as to warrant his conviction either as a principal or as an aider and abettor if he himself were on trial, then the question as to whether he was an accomplice is one for the jury. As said in Hendrickson v. Commonwealth, 235 Ky. 5, 29 S. W. (2d) 646 (page 647):

"But if there is some evidence that the witness was an accomplice, but the fact is disputed, then the jury should be told, in substance, that if they believed from the evidence that the witness was an accomplice, then they should give it effect only as outlined in the sections of the Criminal Code referred to."

See McClanahan v. Commonwealth, 197 Ky. 457, 247 S. W. 369; Pierson v. Commonwealth, 229 Ky. 584, 17 S. W. (2d) 697; Fryman v. Commonwealth, 225 Ky. 808, 10 S. W. (2d) 302.

In the proven circumstances it is our conclusion that the court should have given an instruction as indicated in Hendrickson v. Commonwealth, supra. This conclusion renders it unnecessary to discuss some other grounds argued for reversal since the alleged errors will not likely occur again in the event of another trial.

Wherefore, the judgment is reversed and the cause remanded for a new trial and proceedings consistent with this opinion.