## Galloway v. Commonwealth.

Nov. 9, 1945.

M. J. Hennessey and Clyde Barker for appellant.

Eldon S. Dummit, Attorney General, H. K. Spear, Assistant Attorney General, Robert T. Jennett, Jr., M. Hargett and Silas Jacobs for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellant, Bert W. Galloway, was convicted of the offense of willfully and maliciously shooting into the occupied dwelling house of W. A. Polley, and his punishment was fixed at confinement in the penitentiary for a term of two years.

The grounds assigned upon which a reversal of the judgment is asked are: (a) The court erred in not instructing as a matter of law that James Sellers and Lloyd Poe, Jr., were accomplices; (b) the verdict is not supported by the evidence.

The Commonwealth's evidence shows that around 10 o'clock on the night of October 4, 1945, appellant, who was nineteen years of age, had an argument with W. A. Polley over the latter's refusal to sell him beer on account of his youth. Polley put appellant out of his place of business, and upon being ejected the boy said to him, "You will pay for this." About midnight appellant, Galloway, in company with Lloyd Poe, Jr., and a young lady, his companions at Polley's roadhouse, drove to Polley's home and inquired of his wife what time her husband would be home, to which she replied, "A few minutes after twelve o'clock."

Galloway then drove to Brooksville; let Poe out of his car and took the girl to her home. He returned to Brooksville, picked up Poe and another young man, James Sellers. All three boys were drinking and Galloway tried to borrow a gun at a couple of places, but being unsuccessful he drove to his home some miles away and obtained a shotgun. Upon leaving his home with the gun in the car, he asked the other two boys to "bend up" the rear license plate on the car; when they would not act, he did so himself. Galloway, with his two companions, drove to a point near Polley's home where he asked Sellers to take the wheel, which he did, and as they drove by Polley's house Galloway fired the gun into it. Sellers drove rapidly and turned down a side road taking a route which brought him back by Polley's home in about fifteen minutes, when Galloway fired a second shot into the house.

Sellers when asked if he knew appellant was going to shoot into the house replied, "I don't know. I don't remember much being said about it. I think it was mentioned; I didn't think he'd shoot." Sellers further testi-

fied he did not know appellant was going to fire the second shot. Poe in reply to a question why he did not attempt to prevent the shooting said, ''I didn't think he had guts enough to shoot.''

Appellant admitted the difficulty with Polley, also going to his residence and inquiring of Mrs. Polley when her husband would be home, but denied joining Sellers and Poe at Brooksville after taking the girl home, or attempting to borrow a gun. He testified that he went directly home after taking the girl to her home and proved an alibi by his foster parents, one of whom testified he reached home at twenty minutes to two when the shooting was at 2 a. m.

The court in an appropriate instruction submitted to the jury the question whether Sellers was an accomplice, using practically the same instruction as appears in Stanley's Instructions to Juries, sec. 946. He told the jury if they found Sellers to be an accomplice, they could not convict on his testimony unless corroborated as is provided in sec. 241 Criminal Code of Practice. But the court declined to instruct as to whether Poe was an accomplice.

Appellant insists that it was error for the court not to instruct as a matter of law that both Sellers and Poe were accomplices and that no conviction could be had upon their testimony unless corroborated by other evidence tending to connect appellant with the offense, and as there was no such evidence he was entitled to a directed verdict.

The legal definition of an accomplice is one who aids, abets or so participates in the crime as to authorize and sustain a conviction against him either as principal or an aider or abettor if he were the person on trial. If there is no contrariety in the facts, it then is a question of law for the court to determine whether or not the witness is an accomplice; but if the participation or connection of the witness with the crime is in dispute from the testimony and the circumstances of the case, then it is a question for the jury under a proper instruction to say whether or not the witness is an accomplice. Fryman v. Com., 225 Ky. 808, 10 S. W. 2d 302; Gossett v. Com., 274 Ky. 468, 118 S. W. 2d 764.

If Sellers drove the car so that appellant might have

his hands free to fire the gun, then he was an accomplice. But if, as he testified in reference to the first shot, "I didn't think he would shoot," and if he did not know appellant was going to fire the second shot, then his driving of the car would not make him an accomplice. Whether or not he was an accomplice is a mooted question under the facts and in the circumstances presented by this record, therefore, the court did not err in submitting to the jury, under the appropriate instruction he used, whether or not Sellers was an accomplice.

Poe testified he was merely riding in appellant's car and that he did not think he would fire the gun. Both he and Sellers had refused to assist appellant to conceal the identity of the car by bending the license plate, and although Poe's conduct in riding with Sellers and appellant in the circumstances is to be condemned, yet there is no evidence that he counseled, encouraged, abetted, or in any manner assisted Galloway in the perpetration of the crime. Mere presence or silent acquiescence, in the absence of a duty to act, when a crime is committed is insufficient to constitute one an accomplice. The leading case on the subject in this jurisdiction appears to be Levering v. Com., 132 Ky. 666, 117 S. W. 253, 19 Ann. Cas. 140, 136 Am. St. Rep. 192, which has been followed in an unbroken line of decisions down through Sams v. Com., 294 Ky. 393, 171 S. W. 2d 989. The court did not err in failing to hold that Poe was an accomplice or in failing to submit that question to the jury.

While the evidence was conflicting, it was for the jury to determine the credibility of the witnesses, the weight to be given their testimony and to find the true facts. From the brief outline we have given of the evidence it cannot be said logically that there was not sufficient evidence to support the verdict.

Judgment affirmed.