**James Arnold TAYLOR, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 407.**

Supreme Court of Alaska.

May 6, 1964.

Hugh G. Wade, Wade & Conway, Anchorage, for appellant.

Robert C. Erwin, Dist. Atty., and Dorothy Awes Haaland, Asst. Dist. Atty., for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

A jury found appellant guilty of the crimes of burglary and larceny. Evidence directly connecting appellant to the crimes was the testimony of the witness, Swanagan, who stated that appellant had told him he had burglarized King Builders Supply and had asked Swanagan to help dispose of tools that appellant had stolen. Appellant contends on this appeal that the trial court erred in failing to grant his motion for judgment of acquittal. He argues that Swanagan was an accomplice to the burglary and larceny, and as such his testimony was not sufficient to support appellant's conviction because it was not corroborated by other evidence tending to connect appellant with the commission of the crimes.[1]

Appellant's argument is untenable because Swanagan was not an accomplice. An accomplice is one who in some manner, knowingly and with criminal intent aids, abets, assists or participates in a criminal act.[2] Swanagan was out of town when the crimes were committed. It is true, as appellant points out, that Swanagan testified under cross examination that before he had left town he and appellant "had talked over the fact of burglarizing King Builders." But this general statement was all that Swanagan said about the matter, and it is not enough to show that he conspired in a prearranged plan to commit the particular crimes with which appellant was charged; or that he in any manner aided, abetted, assisted or participated in the criminal acts.

1. AS 12.45.020 provides:
"A conviction shall not be had on the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the crime; and the corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission."

2. Mahle v. State, 371 P.2d 21, 25 (Alaska 1962).

Nor does the fact that Swanagan later disposed of the stolen goods, knowing they were stolen, make him an accomplice to the crimes of burglary or larceny.[3]

Since Swanagan was not an accomplice, it is unnecessary to decide whether his testimony was sufficiently corroborated under AS 12.45.020.[4]  The judgment is affirmed.

3. *Daniels v. State,* Opinion No. 147, 383 P.2d 323, 325 (Alaska 1963).

4. Note 1, supra.