**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Virgil HELMENSTEIN, Defendant and Appellant.**

**Cr. No. 371.**

Supreme Court of North Dakota.

Dec. 10, 1968.

Helgi Johanneson, Atty. Gen., and Gerald W. VandeWalle, Asst. Atty. Gen., Bismarck, and Gerald D. Galloway, State's Atty., Center, for plaintiff and respondent.

Josiah C. Blaisdell, Hazen, for defendant and appellant.

STRUTZ, Judge.

This is an appeal from the district court of Oliver County. The defendant was in-

formed against on a charge of burglary of a grocery store in Hannover. The case came on for trial before the Honorable Emil A. Giese, one of the judges of the Sixth Judicial District. Trial by jury was waived by consent of the defendant and the State's Attorney, expressed in open court and entered on the minutes of the court, as provided for in Section 29–16–02, North Dakota Century Code. After trial, the court found the defendant guilty of the offense as charged. This appeal is from the judgment of conviction and from an order denying the defendant's motion for new trial.

Several grounds are urged by the defendant as the basis for his appeal. He asserts that the trial court erred in denying his motion to segregate, separate, and sequester the witnesses for the State. He further contends that there was no corroboration of testimony of witnesses for the State who were accomplices of the defendant in the commission of the offense; that, as a consequence, the evidence against the defendant was insufficient under the law to convict him of the offense charged.

The record discloses that, on the night of the alleged burglary, two groups of young people had been driving around in the vicinity of Center, North Dakota. During the evening, these two groups met at the park in Center. Someone in one of the groups had obtained some beer, and this was passed around and all of them drank some of it. After a while, they all decided to get into one of the automobiles and ride around. They got into the defendant's car. A short time later, someone suggested that they drive to Hannover, about six miles west of Center, and break into the store at that place. When this suggestion was made, one person in the party said she wanted some bananas. Someone else expressed a desire for other articles which could be secured at the store. They drove over to Hannover and parked the car some distance from the store, and three of the party, including defendant, went to the store, broke in, and

returned with beer, cigarettes, candy, and bananas. They then drove back toward Center. On the way, the parties all agreed on what story they would tell the officers of the law if any of them should be questioned. At Center, they divided the loot and separated.

At the trial, five of the young people who had been in this party testified for the State against the defendant. The only witness other than those who were in the party on the night of the burglary was Harold Henke, the owner of the store that had been burglarized. His testimony established that he owned the store, that on the morning following the burglary he found that the store had been entered during the night, and that approximately $130 worth of merchandise had been taken. His testimony in no way connected the defendant with the offense, but merely established the fact that a crime had been committed.

The trial court found the defendant guilty. It found that Glen Zahn, who was one of the group of young people who had been in the party, was not an accomplice because he had taken no active part in the commission of the burglary and that he had fallen asleep after the party had reached Hannover and while the actual burglary was being committed. The trial court further found that the witness Zahn had had too much beer and was, in fact, pretty well under the influence at the time of the commission of the crime.

From the judgment entered and an order denying the defendant's motion for new trial, the defendant had taken this appeal.

■ The first question for us to consider is whether there was competent evidence against the defendant sufficient to sustain the judgment of conviction. Our statute provides that a conviction may not be had upon the testimony of an accomplice unless his testimony is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of

the offense or the circumstances thereof. Sec. 29–21–14, N.D.C.C.

This court has held that the testimony of an accomplice does not warrant a conviction unless it is corroborated by other evidence to connect the defendant with the offense. State v. Todd, 62 N.D. 479, 244 N.W. 25 (1932).

However, every material fact testified to by an accomplice need not be corroborated. State v. Marcovitz, 63 N.D. 458, 248 N.W. 481 (1933).

All that is necessary is that the corroboration tend to connect the defendant with the commission of the offense. State v. Foster, 69 N.D. 428, 287 N.W. 517 (1939).

The first issue facing us is the determination of the status of those persons who were members of the party of young people on the night of the alleged burglary who were called as witnesses by the State. If all of them were accomplices, then clearly the evidence against the defendant in this case is insufficient to support his conviction, for there is no evidence tending to connect him with the offense.

Certain rules have been adopted by which a determination can be made of the status of persons who are alleged to be accomplices. Some of these rules are:

■ An accomplice is one who knowingly, and with criminal intent, associates or concurs with another in the commission of a crime. State v. Shields, 81 S.D. 184, 132 N.W.2d 384 (1965); State v. Johnson, 81 S.D. 600, 139 N.W.2d 232 (1965).

■ Merely helping to dispose of stolen goods, without any other connection with the offense, even knowing the goods to be stolen, does not make a person an accomplice in the burglary. Taylor v. State, 391 P.2d 950 (Alaska 1964).

A person who has been coerced into participating in a crime has been held not to be an accomplice whose testimony must be corroborated. People v. Bias, 170 Cal. App.2d 502, 339 P.2d 204 (1959).

It has also been held that the mere presence or the silent acquiescence of a person, in the absence of a duty to act, does not make such person an accomplice. Galloway v. Commonwealth, 301 Ky. 299, 191 S.W.2d 821 (1946); Underhill on Criminal Evidence, 5th Ed. (1956), Vol. 1, Sec. 175, p. 339.

Numerous decisions have laid down the rule that an accomplice is a person who unites in, or in some way is concerned in, the commission of a crime for which the accused is on trial. Underhill, at p. 329.

The grade of guilt of such witness is not important, so long as he was in some way concerned in the commission of the offense. The test seems to be whether the witness could be charged with the same offense for which the defendant is being tried. Underhill, at p. 331.

Some courts have held that a person is an accomplice if he had any part in the offense, even though he cannot be charged with the crime. People v. Coffey, 161 Cal. 433, 119 P. 901, 39 L.R.A., N.S., 704.

Our own court has held that the test by which to determine whether one is an accomplice of the defendant on trial is whether such person can be indicted and punished for the crime with which the defendant is charged. State v. Noel, 66 N.D. 676, 268 N.W. 654 (1936). In the *Noel* case, the alleged accomplice was the victim of rape by the defendant, and this court held that the victim of rape could not be prosecuted for the offense and therefore she was not an accomplice.

It has also been held that the mere fact that the grand jury has refused to charge the witness with the offense for which the defendant is being tried does not determine whether or not such witness was an accomplice. State v. Weston, 109 Or. 19, 219 P. 180 (1923).

■ As pointed out above, mere presence alone is not enough to make a witness an accomplice. In the case of People v. Howard, 226 Cal.App.2d 281, 37 Cal.Rptr. 918 (1964), two women were present in a car to which the defendants returned after a robbery had been committed. The California court pointed out that there was absolutely nothing in the record to even indicate that either witness in any way had advised or encouraged or facilitated the robbery, and that mere presence of the witness does not make such witness an accomplice. The court pointed out that the evidence must show that the witness was in some way concerned in the commission of the crime, whether he directly committed it or aided and abetted in its commission or advised and encouraged its commission. People v. Shaw, 17 Cal.2d 778, at p. 800, 112 P.2d 241, at p. 253.

The test seems to be whether the witness in any way, directly or indirectly, aided and abetted the perpetrator by acts or encouraged him by words or gestures. People v. Villa, 156 Cal.App.2d 128, 133–134, 318 P.2d 828, 832–833.

■ Now, in the light of these rules, let us examine the record before us to determine the status of the witnesses who testified for the State and who were members of the party of young people on the night of the burglary. Carol Weiss contends that she was against the burglary, but she kept her feelings to herself and did not express them. The record discloses that when the burglary was planned she expressed a desire for some bananas. She would not admit at the trial that she had asked for bananas to be secured for her in the burglary, but neither did she deny it. She merely says that she does not remember whether or not she asked for bananas. Most of the other witnesses, however, stated definitely that she did say that she wanted them to get some bananas for her. This clearly would make her an accomplice, even though she now insists that she had misgivings about the burglary and that

she especially didn't want to have her brother become involved in it.

■ Janice Zahn also was called as a witness by the State. She testified that when someone suggested that they break into the store at Hannover, everybody agreed. Thus she admitted that she herself agreed to the burglary when it was suggested, and we believe this makes her, as well as every other person in the party, an accomplice.

■ Another witness called by the State, who was in the party on the night of the burglary, was Kenneth Cahoon. He admitted that he took part in the actual burglary of the store with the defendant and with one Clem Rohrich. So his status clearly is that of an accomplice. He further stated that after the burglary had been suggested, the parties drove to Hannover and parked their car. Before the three who committed the actual burglary went to the store, it was agreed by all of the parties that if anyone should be caught, each girl would wait for her boyfriend, and that if any of the girls should be caught and punished, each boyfriend would wait for his girl. This witness further testified, in response to a question as to whether anyone protested the plan to burglarize the store, that everyone was agreeable and that, after they had parked the car in Hannover, they stopped to make plans before three of them went to the store and broke in.

■ As has already been pointed out, the owner of the store, the only witness for the State other than members of the party, could testify only that his store had been burglarized and that some merchandise had been taken. His testimony in no way connected the defendant with the offense, but merely established the fact that an offense had been committed. The only testimony, therefore, which could possibly have corroborated the testimony of the above-named persons—all of whom have clearly been shown to be accomplices—

would be the testimony of the witness Glen Zahn. The decision in this case therefore depends entirely upon whether Glen Zahn was an accomplice. If he was not, he furnishes the necessary corroboration of the testimony of the accomplices which is required to connect the defendant with the commission of the crime. However, if he, too, was an accomplice, then there is no testimony except that of accomplices which in any way connects the defendant with the offense and, under our law, the defendant cannot be convicted upon the testimony of accomplices alone, unless such testimony is corroborated by other evidence which tends to connect the defendant with the commission of the offense. Sec. 29–21–14, N.D.C.C.

Let us therefore examine the testimony of Glen Zahn to see what he himself said. He contends that he had secret objections to the burglary which he did not express to anyone. He further testified that he was asleep when the burglary was committed and that he did not take part in the actual burglary of the store. The trial court found that Glen had had too much to drink and that he was asleep during the time of the burglary and in no way aided or abetted or encouraged the crime. Zahn's own testimony, however, discloses that he does not claim to have fallen asleep until the three members of the party left the parked car for the store, for he remembers their leaving. After the burglary had been accomplished, all of them together made up a story to tell to investigating officers in case any of them should be questioned. Zahn admits that he helped make up the story to mislead the officers of the law, and he says, "Well, we all made a story together." Why would Zahn feel it necessary to make up a story to mislead the officers if he had no part in the offense? We believe that the record clearly shows that the burglary in this case was the result of a plan in which each of the parties had a part, and that each of these young people encouraged and countenanced the offense and that each of them thus was concerned in its commission.

At the trial, each of these young people testified that he or she could not remember who had suggested the burglary. Although their memory apparently failed them as to who it was who made this suggestion, one of them, who testified at the preliminary hearing, did remember who it was at that time. As a general rule, evidence given by a witness at a preliminary hearing is not evidence to be considered upon the trial itself. But this case was tried to the court, and the trial court had before it the evidence which was given at the preliminary hearing. It was included in the record on appeal. Instead of not revealing who had suggested the burglary and who had planned it, the record taken at the preliminary hearing definitely shows that the burglary was planned by all of the parties, including the witness Glen Zahn. Kenneth Cahoon was called as a witness at the preliminary hearing, and the record discloses that at that hearing, when he was asked who suggested the burglary, he testified that everybody in the group—including the witness Zahn—went along with the plan. He testified that they had run out of cigarettes and that no one in the party had any money, and that when the burglary was suggested, "Everybody went along with it," because everybody wanted cigarettes. He further said that when plans were made to go to the store, "Everybody was talking." This witness, in answer to a direct question by the State's Attorney as to who it was who suggested that they go to Hannover and break in, replied: "Virgil and Glen and Clem, they were all talking." This witness also testified that, after the burglary had been accomplished, "Virgil and Glen and Clem and Janice and Carol, they said they will stache [*sic*] the booze and we'll have a party some night."

 While testimony of a witness given at a preliminary hearing ordinarily is not admissible except for impeachment purposes, we quote from the above testimony for the sole purpose of showing that our conclusion in finding that Glen Zahn was an accomplice is correct. This is es-

tablished by the record made at the trial, including the testimony of Janice Zahn, who testified that when the burglary was suggested, "everybody agreed"; by the testimony of Kenneth Cahoon at the trial that everyone was agreeable; and by the testimony showing that an agreement had been made among all of the parties that the girls would wait for the boys and the boys would wait for the girls in the event that anyone was caught and punished for this burglary. We believe this testimony, given at the trial, definitely shows that Glen Zahn was concerned in the commission of the offense. It is obvious that he himself felt that he was concerned, because he helped make up a story to mislead investigating officers after the burglary had been completed.

 Here, circumstances show a common plan of several persons to do an unlawful act, to which all agreed. Whatever is done in furtherance of the original design is the act of all, and each one need not take an active part in the commission of the crime itself to make him guilty of it. People v. Hobbs, 400 Ill. 143, 79 N.E.2d 202 (1948). We believe that all of the persons who were in this group of young people were thus involved in the burglary, and each of them—including Glen Zahn— was an accomplice of the defendant who is being tried for the burglary. Certainly, from all of the facts in this case, the witness Zahn was concerned in the commission of the burglary. And, if he was concerned, he was a principal, whether or not he directly committed the offense. Sec. 29-11-42, N.D.C.C.

Since we hold Zahn to be an accomplice, there is no evidence in this case, other than that of persons who also are accomplices, connecting the defendant with the commission of the offense with which he is charged. Therefore, the evidence against him is insufficient to sustain the judgment of conviction.

Because the evidence is found to be insufficient to sustain the conviction, other errors which were urged by the appellant need not be considered in this opinion.

For reasons stated herein, the judgment and sentence of the trial court is reversed and the complaint against the defendant is dismissed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.