STATE of North Dakota, Plaintiff and Appellee,

v.

Werner KUNKEL, Defendant and Appellant.

Cr. No. 919.

Supreme Court of North Dakota.

Oct. 3, 1983.

Lewis C. Jorgenson, State's Atty., Devils Lake, for plaintiff and appellee.

Garcia & Garcia, Lakewood Park, Devils Lake, for defendant and appellant; argued by David Garcia, Devils Lake.

PEDERSON, Justice.

A jury found Werner Kunkel guilty of reckless endangerment, a class C felony (§ 12.1–17–03, NDCC). Kunkel appeals the conviction, and argues primarily that his conviction was based upon accomplice testimony without sufficient independent corroboration. We do not agree and, accordingly, affirm the judgment of conviction.

John Solwey, who lives in a subdivision southeast of Devils Lake, being awakened in the early morning hours of June 7, 1982, discovered his living room picture window shot out.

Although there is other evidence, entirely circumstantial, supporting Kunkel's conviction, the evidence that definitely connected Kunkel to the shooting was supplied by an eye witness, Kent MacDonald. MacDonald testified that he was with Kunkel at a drinking party at Crary, near Devils Lake, and heard Kunkel say that he was going to shoot out Highway Patrolman Bob Snell's window. (Snell and Solwey have similar

homes near each other in the same subdivision.) He further testified that he left the party with Kunkel, who drove around for an hour or so and eventually stopped in front of Solwey's house where Kunkel shot at the house. Kunkel testified in his own behalf, denying that he took part in any of these occurrences.

In adopting a theory for the first time in this court that MacDonald was an accomplice, Kunkel relies on § 29–21–14, NDCC, which provides:

"A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

Kunkel cites *State v. Helmenstein,* 163 N.W.2d 85 (N.D.1968) in support of his argument that MacDonald was an accomplice "... because he knew of Kunkel's plan to shoot the windows, and assented to it by associating with Kunkel in the furtherance of the plan." Kunkel points to no evidence that MacDonald contributed in any way to the plan nor that he acted "in the furtherance of the plan," and we have found none.

Relying upon *State v. Helmenstein, supra,* and other precedent, this court discussed the rules for determining whether or not a witness is an accomplice in *Zander v. S.J.K.,* 256 N.W.2d 713, 715 (N.D.1977), as follows:

"In determining whether appellant's conduct renders him an accomplice to his companions' criminal conduct, we begin with the familiar principle that mere presence at the scene of a crime is not enough to make one an accomplice.... However, presence at the scene of a crime is a circumstance which, in conjunction with other facts, may support a finding that appellant acted as an accomplice....

"Some additional facts which would support such a finding include acting upon a common plan or in furtherance of a conspiracy, ... acting with the kind of

culpability required for the offense and sharing the criminal intent of the principal, ... approving the criminal act by active participation in it or by, in some manner, encouraging it, ... positioning one's self as a lookout to hinder apprehension of the principal, ... or driving the getaway car or otherwise fleeing the scene, ... [cites omitted]."

Determination of MacDonald's status as an accomplice, under proper instructions by the court, was a question for the jury. *State v. Thorson*, 264 N.W.2d 441 (N.D.1978). Kunkel did not object to the instruction given and cannot object for the first time in this court. Because the jury was asked only to return a general verdict, we have no way of knowing if the jury concluded that MacDonald was an accomplice but that his testimony was sufficiently corroborated, or that he was not an accomplice. The evidence would support either conclusion. There was no obvious error or defect affecting substantial rights which we may notice pursuant to Rule 52(b), NDRCrimP.

Other matters discussed by Kunkel are not dispositive of any issue before us and need not be considered. *Hospital Services v. Brooks*, 229 N.W.2d 69 (N.D.1975).

The conviction is affirmed.

ERICKSTAD, C.J., SAND and VANDE WALLE, JJ., and WM. L. PAULSON, Surrogate Justice, concur.

Justice WM. L. PAULSON served as a Surrogate Judge for this case pursuant to § 27–17–03, NDCC.