# JOHANNES GRUNOW et al. v. MATHIAS SIMONITSCH and W. C. McFADDEN.

(130 N. W. 835.)

**Executors and Administrators — Appointment of Foreign Corporations.**

1. Under the provisions of the Probate Code of this state it is held that a foreign corporation is incompetent to receive letters of administration upon the estate of a deceased person, and that therefore county courts have no authority to issue letters of administration to such foreign corporations.

Opinion filed March 9, 1911.

Note.—Power of foreign corporation to act as administrator, see note in 24 L.R.A. 291.

Appeal from District Court, Cass county; *Charles A. Pollock,* J.

Action by Johannes Grunow against Mathias Simonitsch and W. C. McFadden. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Heim & Loevinger,* for appellant.

Corporations, if so empowered by their charters, even at common law, can act as administrators. Minnesota Loan & T. Co. v. Beebe, 40 Minn. 7, 2 L.R.A. 418, 41 N. W. 232; Thompson's Estate, 33 Barb. 334; Vidal v. Philadelphia, 2 How. 127, 187, 11 L. ed. 205, 229; Deringer v. Deringer, 1 Am. St. Rep. 150, and note, 5 Houst. (Del.) 416; Schouler, Exrs. & Admrs. 2d ed. § 107; Toller, Exrs. & Admrs. 30; Hill, Trustees, 48; Corporations, 10 Cyc. Law & Proc. p. 1142 (11); 2 Kent, Com. 6th ed. 279; 5 Thomp. Corp. § 5837, p. 4520; Killingsworth v. Portland Trust Co. 18 Or. 351, 7 L.R.A. 638, 17 Am. St. Rep. 737, 23 Pac. 66; Lincoln Sav. Bank v. Ewing, 12 Lea, 602; Beale, Foreign Corp. § 233; 1 Woerner, Am. Law of Administration, 509.

No express statutory provision precludes foreign corporations acting as administrators and executors, and "legislative silence is equivalent to permission." 5 Thomp. Corp. § 5837; United States Fidelity & G. Co. v. Linehan, 73 N. H. 41, 58 Atl. 956; Cowell v. Colorado Springs Co. 100 U. S. 59, 25 L. ed. 549.

States should not discourage reputable foreign corporations from doing business in this state. State ex rel. Sheets v. Ætna L. Ins. Co. 69 Ohio St. 317, 69 N. E. 608; Coleman v. Parrott, 11 Ky. L. Rep. 947, 13 S. W. 525; State ex rel. Clapp v. Fidelity & C. Ins. Co. 39 Minn. 538, 41 N. W. 108; Minnesota Loan & T. Co. v. Beebe, 40 Minn. 7, 2 L.R.A. 418, 41 N. W. 232.

*Stambaugh & Fowler,* for respondents.

FISK, J. This is an appeal from a judgment of the district court of Cass county, affirming an order of the county court of that county, denying the petition of appellant, praying for the appointment of the Northwestern Trust Company, a Minnesota corporation duly authorized to transact business in North Dakota, as administrator of the

estate of one Fritz Schumm, deceased, who died intestate in Cass county on May 13, 1909. The facts are not in dispute, and the controlling question for determination is whether such foreign corporation is a competent and qualified person to whom letters of administration may be issued by a county court in this state.

Counsel on both sides confess their inability to find any direct authority in support of their respective contentions. But authorities would be of little assistance, as, manifestly, the decision of such question depends upon the construction to be given to certain provisions contained in the Probate Code of this state. The sections of the Revised Codes relied on by appellant's counsel are the following: Sections 4682, subdivision 4; 8022, subdivisions 1, 8, and 9; 8038, 8039; 6691, 6692; 6707.

Section 4682 is a portion of chapter 22 of the Civil Code, enacted in 1897, relating to the organization and powers of annuity, safe deposit, and trust companies, and by subdivision 4 thereof it provides, in substance, that such domestic corporations may be appointed or commissioned as administrators, executors, etc., the same as natural persons, and that no bond or other security or oath or other qualification shall be necessary to enable such corporations to accept such appointments.

Section 8022, as amended by chapter 116, Session Laws of 1907, designates the persons to whom letters of administration may be issued, as follows:

1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.

2. The children.

3. The father or mother.

4. The brothers.

5. The sisters.

6. The grandchildren.

7. The next of kin entitled to share in the distribution of the estate.

8. The creditors.

9. Any person legally competent.

10. The public administrator, or the county wherein there is property of the decedent which remains unadministered, as general or special administrator thereof.

Sections 8038 and 8039 relate to the issuance of ancillary letters of administration in cases of foreign wills allowed to probate in other states and countries. Section 8038 provides, in substance, that executors and administrators appointed under said articles must qualify in the same manner as other executors and administrators; and § 8039 requires that foreign executors and administrators shall, before entering upon their duties, appoint an agent residing in the county where such appointment was made, for the purpose of service of legal papers.

Sections 6691 and 6692 and 6707 are a portion of the Civil Code relating to definitions and general provisions, and are as follows:

Sec. 6691. Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears and except, also, that the words hereinafter explained are to be understood as thus explained.

Sec. 6692. Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except when a contrary intention plainly appears.

Sec. 6707. The word "person," except when used by way of contrast, includes not only human things, but bodies politic or corporate. We are unable to discover any language in the foregoing sections which, in the slightest degree, tends to support the contention made by appellant's counsel. It is perfectly apparent to our minds that, until the enactment of § 4682, the legislature had in the most explicit manner expressed its intention to restrict such appointments to natural persons. By the enactment of § 4682 it is equally apparent that the only change which the legislature intended to make in the existing statute was to permit domestic annuity, safe deposit, and trust companies to receive such appointments. In the light of such plain and manifest legislative declaration, we have no hesitation in adopting the view of the lower court. The rule of comity contended for by appellant cannot be applied in the face of an express legislative will to the contrary. Appellant's contention, in effect, is that under the provisions of the Probate Code as they have existed at all times, a corporation, whether domestic or foreign, was a person competent to act as executor or administrator; and that this is especially true as to foreign corporations which by their charters or the laws of the state of their

creation are thus authorized to act. We are unable to see any merit in such contention. It is clearly apparent that the legislature deemed it necessary to enact § 4682, in order to confer such power on certain domestic corporations. If the power already existed as to all corporations, why this needless legislation?

Our conclusion is that, under existing laws, a foreign corporation is incompetent to receive letters of administration issued by the courts of this state. This renders a consideration of the other questions unnecessary.

The judgment appealed from is affirmed.

All concur, except Morgan, Ch. J., not participating.