**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Wilson R. SMITH, Defendant and Appellant.**

**Crim. No. 357.**

Supreme Court of North Dakota.

Oct. 26, 1967.

Helgi Johanneson, Atty. Gen., Bismarck, and Gordon O. Hoberg, State's Atty., Napoleon, for plaintiff and respondent.

Theodore F. Kessel, LaMoure, for defendant and appellant.

STRUTZ, Justice.

The defendant was convicted of grand larceny of farm machinery and moved for a new trial. The trial court denied his motion, and he appeals to this court from the order denying the motion for new trial, urging two grounds in support of his appeal:

1. That the evidence was insufficient to sustain the defendant's conviction, and that the verdict of the jury was contrary to the evidence; and

2. That the trial court erred in denying the defendant's motion for a new trial on the ground of newly discovered evidence.

The evidence of the State discloses that an Allis-Chalmers tractor, with a dual loader, was stolen from the farm of one Harold Wittmayer in Logan County on May 29, 1966, between the hours of approximately 12:30 p.m. and 1:30 p.m. The State further established that on that date the defendant was the owner of a truck with a flatbed on it and equipped with a hoist and a winch commonly used by machine dealers for loading tractors, combines, and other machinery; that a neighbor of Wittmayer, living about three miles from the complaining witness's farm, saw a flatbed truck go by his place between the hours of 12:30 and 1 p.m. on the 29th day of May, and that loaded on such flatbed was an Allis-Chalmers tractor. The sheriff of Logan County testified that the tracks he found in the field where the tractor had been loaded onto a truck matched the tires on the defendant's truck. The State further produced evidence to show that, on May 30, the morning following the taking of such machinery in Logan County, the defendant was at a machine dealer's place of business near Montevideo, Minnesota, attempting to sell the stolen tractor; that the dealer to whom the defendant attempted to sell the tractor testified that he knew the day on which the defendant appeared at his place of business was the 30th of May because he keeps a complete record, not only of all transactions which he consummates but of all persons who come to his place of business; that a dealer at Benson, Minnesota, testified that the defendant left the tractor on his machinery lot on either the 30th or the 31st day of May 1966; that the evidence of the State further discloses that the defendant later sold the tractor in question to another secondhand dealer in Renville, Minnesota.

The defendant testified that on the day the tractor was stolen he was in Aberdeen, South Dakota, all day; that he went to the cemetery and placed flowers on his

mother's grave in the morning of that day; that during the day he called at his sister's home; that he had tires put on his automobile; and that he stayed at the Breeze Inn Motel that night. To corroborate his testimony he produced motel receipts for the nights of May 28, 29, 30, and 31. He denies having been in Montevideo, Minnesota, on May 30, as testified to by a State witness, but claims that he had been there earlier in May and that he was there again sometime in the month of June, at which time he sold the tractor in question. He further testified that he had purchased the stolen tractor and loader from a man whom he knew only as Ralph Bronson, and that such purchase was made at a truck stop in Aberdeen; that he does not recall the exact date on which he purchased the tractor, but that it was sometime after Memorial Day, 1966; that he paid for the equipment in cash; that he received no receipt or bill of sale; and that he did not know the whereabouts of the man whom he knew as Bronson.

On this record, the jury found the defendant guilty and he was sentenced to the State Penitentiary. The defendant thereafter moved for a new trial on the ground that the verdict was contrary to the law and against the evidence, and on the further ground of newly discovered evidence.

We will consider the issues raised on this appeal in the following order:

1. Was the evidence sufficient to sustain the verdict of guilty returned by the jury?

2. Did the trial court err in denying the defendant's motion for new trial on the ground of newly discovered evidence?

■ A motion for new trial on the ground of insufficiency of the evidence is addressed to the trial court's sound discretion. State v. Shepard, 68 N.D. 143, 277 N.W. 315.

■ In passing on a motion for new trial based on insufficiency of the evidence, the trial court is clothed with a wide discretion and its determination with respect to such sufficiency will not be disturbed unless an abuse of discretion is shown. State v. Braathen, 77 N.D. 309, 43 N.W. 2d 202.

■ The burden is on the movant to point out to the trial court wherein the evidence is insufficient, and unless it is shown that the evidence is insufficient to sustain the verdict, this court will not interfere with the decision of the trial court. State v. Graber, 77 N.D. 645, 44 N.W.2d 798.

■ It is not an abuse of discretion on the part of the trial court to deny such motion where there is substantial evidence to support the verdict. State v. Ramstad (N.D.), 87 N.W.2d 736; State v. Jager (N.D.), 91 N.W.2d 337.

■ Here, there was substantial evidence to support the verdict of the jury. The defendant was the owner of a flatbed truck with hoist, whose tires matched the tire marks left by the truck used to load the stolen tractor. There is positive testimony that the defendant was in possession of the tractor and tried to sell it on the day following its theft. It is true that all of this is denied by the defendant, and he has offered an alibi in the form of testimony of several witnesses who testified to the effect that he was in Aberdeen all of the day on which the tractor was stolen. He produced motel receipts showing that he was in Aberdeen on the day the State's witnesses claimed he was in Montevideo, Minnesota. Thus there is conflicting evidence which was presented to the jury and it was within the province of the jury to determine the facts. The jury believed the State's witnesses and disbelieved the evidence of the defendant. There was substantial evidence to support the jury's verdict, and no abuse of the trial court's discretion in denying the motion for new trial has been shown.

■ The other issue raised by the defendant is that the trial court erred in denying the motion for new trial on the ground of newly discovered evidence. Whether a new trial should be granted on the ground of newly discovered evidence also is largely within the discretion of the trial court. State v. Graber, supra.

■ Such motion is addressed to the sound discretion of the trial court, and the action taken by the trial court on such motion is conclusive upon this court on appeal, unless it appears affirmatively that such discretion has been abused. State v. Pusch (N.D.), 79 N.W.2d 295.

Here, the alleged newly discovered evidence consisted of the affidavit of the wife of the defendant stating that on the night before the defendant's trial, at which he was convicted, she received a long-distance phone call from someone who identified himself as Ralph Bronson; that such call came from Minot, North Dakota, and that the person calling stated that he had a Caterpillar tractor for sale; that the affiant thereupon advised the caller that the defendant was in trouble because of the tractor he had purchased from him previously, and that the caller then agreed that he would execute and mail a bill of sale for the tractor which he had sold to the defendant; that this call allegedly was received on the night before the commencement of the trial, which started on September 27, 1966, but that the bill of sale was not received by the affiant until the day on which the defendant was sentenced, on October 11, 1966.

The affiant testified on behalf of her husband at the trial, but she did not testify that she had received any call from the person from whom her husband claimed to have purchased the tractor. No records of the telephone company were produced showing that a long-distance call had been made from Minot to Napoleon on the day in question. In spite of the fact that the affiant's husband had testified that he had purchased the tractor from one Bronson, she did not disclose that Bronson allegedly had called the night before the trial and had offered to send a bill of sale. This evidence from her was available at the time of trial. The defendant himself testified that he had purchased the property from a Mr. Bronson; that he paid him in cash but received no bill of sale; that he wrote a number of letters before trial trying to locate Bronson but was unable to do so.

■ There is some doubt whether this proposed evidence can be classified as newly discovered evidence under the provisions of our statute, Section 29–24–02(7), North Dakota Century Code. The jury heard the defendant's testimony and obviously did not believe him. There is no reason to believe, if this so-called newly discovered evidence had been in the possession of the defendant at the trial, that the result would have been any different. In order to warrant the granting of a new trial on the ground of newly discovered evidence under our statute, the evidence must be of such a nature that, had it been produced at the trial, a different verdict probably would have been returned by the jury. State v. Jager (N.D.), 91 N.W.2d 337. All that the defendant offers as newly discovered evidence is a purported bill of sale allegedly signed by one Ralph Bronson for the Allis-Chalmers tractor which the defendant is charged with having stolen. Bronson was not produced. No one actually knows who signed the bill of sale. The Montana notary before whom the bill of sale was signed stated in an affidavit, produced by the State in opposing the motion for new trial, that someone had appeared before him and signed the instrument as "Ralph Bronson"; that such notary did not know the person who had signed the bill of sale and does not know whether he was, in fact, Bronson or whether he was some other person; that he was not acquainted with the man who signed the bill of sale.

The bill of sale is an instrument which the defendant would offer without any further foundation, for the notary could not

identify the man who had signed it and Bronson admittedly is not available. The person who signed the bill of sale therefore cannot be produced, and the notary before whom it was signed cannot testify that the person who signed the instrument was, in fact, Bronson. No foundation of any kind can be laid for the admission of such instrument into evidence.

The purported instrument which is claimed to be newly discovered evidence therefore would doubtless not be admissible in evidence without further foundation. Thus the purported newly discovered evidence would not qualify as newly discovered evidence at all.

For reasons stated herein, the order of the trial court denying the defendant's motion for new trial is in all things affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.