**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Wayne C. DEERY, Jr., Defendant and Appellant.**

**Crim. No. 920011CA.**

Court of Appeals of North Dakota.

Sept. 22, 1992.

Robert Allan Freed, Asst. State's Atty., Jamestown, for plaintiff and appellee.

Paulson and Merrick, Jamestown, for defendant and appellant; argued by Randall L. Hoffman.

PER CURIAM.

Wayne C. Deery, Jr., appeals from a judgment of conviction for driving a motor vehicle while under suspension in violation of Section 39–06–42, N.D.C.C.[1] We affirm.

The dispositive issue in this appeal is whether or not Albert Dockter, the owner of a pickup that Deery was allegedly driv-

---

1. Section 39–06–42, N.D.C.C., provides:
   "1. Except as provided in chapters 39–16 and 39–16.1 and section 39–06.1–11, any person who drives a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state while that person's license or privilege so to do is suspended or revoked in any jurisdiction is guilty of a class B misdemeanor."

ing, is an accomplice whose testimony must be corroborated under Section 29–21–14, N.D.C.C.[2]  Dockter testified that Deery drove Dockter's pickup in Stutsman County on February 27, 1991.  Dockter also testified that he gave Deery permission to drive the pickup and that he knew Deery's driver's license was suspended.  Deputy Mike Manley of the Stutsman County Sheriff's Department testified that Dockter told him that Deery drove the pickup on February 27, 1991.  Manley also testified that he saw four people in Dockter's pickup in Jamestown that evening, but that he could identify only Dockter and Kelly Overby.  The State called Overby to testify at trial, but he claimed the Fifth Amendment privilege against self-incrimination and did not testify.  The State also introduced a certified copy of Deery's driving record and certified copies of orders of suspension of his driver's license.

The trial court determined that Dockter was not an accomplice under Section 12.1–03–01, N.D.C.C., and found Deery guilty of driving while his license was suspended.  Deery appealed.

Deery asserts that Dockter was an accomplice whose testimony must be corroborated under Section 29–21–14, N.D.C.C.  Deery argues that Dockter's testimony was not corroborated and that without Dockter's testimony, there was insufficient evidence to support the conviction.

Section 12.1–03–01(1)(b), N.D.C.C., defines an accomplice:

"A person may be convicted of an offense based upon the conduct of another person when:

\*　　\*　　\*　　\*　　\*　　\*

"b.  With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having a statutory duty to prevent its commission, he fails to make proper effort to do so...."

**2.**  Section 29–21–14, N.D.C.C., provides:
"A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the

■  The test to determine whether or not an individual is an accomplice is whether or not that individual and the defendant could be indicted and punished for the same crime.  *State v. Ennis*, 334 N.W.2d 827 (N.D.), *cert. denied*, 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 681 (1983); *State v. Dwyer*, 172 N.W.2d 591 (N.D.1969).  In *State v. Pronovost*, 345 N.W.2d 851, 853 (N.D.1984), the North Dakota Supreme Court outlined several factors for determining accomplice liability:

"[W]e have said that mere presence at the scene of a crime is not enough to make one an accomplice.  However, presence at the scene of a crime is a fact which, together with other facts, may support a finding that the defendant acted as an accomplice....  Additional facts which would support a finding of accomplice liability include acting upon a common plan or in furtherance of a conspiracy; acting with the kind of culpability required for the offense and sharing the criminal intent of the principal; approving the criminal act by active participation in it or by, in some manner, encouraging it; positioning one's self as a lookout to hinder apprehension of the principal; or driving a get away car or otherwise fleeing the scene."  (Citation omitted.)

*See also State v. Kelley*, 450 N.W.2d 729 (N.D.1990); *State v. Bonner*, 361 N.W.2d 605 (N.D.1985).

■  If the facts about a witness' culpability are disputed or susceptible of different inferences, then a determination of whether or not the witness is an accomplice is a question of fact.  *State v. Thorson*, 264 N.W.2d 441 (N.D.1978).  However, if the facts about a witness' culpability are neither disputed nor susceptible of different inferences, the determination of whether or not a witness is an accomplice is a question of law for the court.  *Id.*  An appellate court must give deference to a trier-of-fact's findings on disputed questions of fact.  *State v. Ennis, supra.*

defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

Dockter testified that he gave Deery permission to drive the pickup from Windsor to a rest area west of Jamestown. Dockter also testified that he knew Deery's license was suspended and that Deery "didn't want to drive in town cause he's scared to get picked up." However, there was no direct evidence about when Dockter learned that Deery's license was suspended, or that Dockter knew that Deery's license was suspended when Deery drove the pickup. There was also no direct evidence that Dockter provided Deery with the keys to the pickup under circumstances indicating a common plan or demonstrating any control over Deery. Common sense dictates that Dockter could not be charged, as Deery was, with the offense of driving while under suspension. *See State v. Ennis, supra.*

In this case, the evidence is susceptible of different inferences about whether Dockter commanded, induced, procured, or ordered Deery to drive while under suspension with the intent that Deery commit the offense. We do not believe this record establishes, as a matter of law, that Dockter allowed Deery to drive the pickup with the intent that Deery commit the offense of driving while under suspension. We cannot say, as a matter of law, that Dockter was an accomplice under Section 12.1–03–01(1)(b), N.D.C.C., or that the trial court erred in finding that Dockter was not an accomplice. We therefore conclude that Dockter's testimony need not be corroborated under Section 29–21–14, N.D.C.C., and that there was sufficient evidence to support Deery's conviction.

Accordingly, we affirm the judgment of conviction.

DOUGLAS B. HEEN, Surrogate Justice, and KIRK SMITH and DONALD L. JORGENSEN, District Judges, concur.