STATE of North Dakota, Plaintiff
and Appellee,

v.

David HAFNER, Defendant
and Appellant.

Cr. No. 920329.

Supreme Court of North Dakota.

April 27, 1993.

Charles R. Isakson, State's Atty., Stanton, for plaintiff and appellee; submitted on brief.

David J. Hafner, pro se (argued).

NEUMANN, Justice.

David Hafner appeals from a criminal judgment entered by the Mercer County Court convicting him of a violation of Section 61-14-16, N.D.C.C. We affirm.

On or about August 10, 1992, the Mercer County State's Attorney received a complaint that Hafner was allowing water from his irrigation system to fall on a section line open to public use. The State's Attorney notified Hafner of the complaint by letter, and warned that further incidents of water on the section line would result in criminal charges. Hafner denied receiving the letter, but admitted to knowledge of the letter's contents due to a conversation with a Mercer County Commissioner, on or about August 10, 1992. After receiving a subsequent complaint of water on the same section line, the Mercer County Sheriff's Office sent a deputy to investigate. This investigation, on August 25, 1992, resulted in the filing of a criminal complaint against Hafner by the deputy.

The statute Hafner was charged with violating, reads:

> "*Willfully allowing water to flow or fall upon roadway prohibited—Penalty.* No person may place, erect, or operate a sprinkler irrigation system, center pivot irrigation system, or other irrigation works or equipment upon or across any highway, street, or road or in such a manner as to willfully allow water from the irrigation works or equipment to flow

or fall upon any highway, street, or road. This section does not apply to the transportation of irrigation works or equipment upon a highway, street, or road. A person violating this section is guilty of an infraction."

Section 61–14–16, N.D.C.C. On appeal, Hafner asserts that a section line is not a "road" under the statute, and that the State failed to prove that he "willfully" allowed water to fall on the section line.

 First, a section line is a road, and therefore Hafner is unsuccessful on this point. The legislature has said:

"*Section lines considered public roads—Closing same under certain conditions.* In all townships in this state, outside the limits of incorporated cities, and outside platted townsites, additions, or subdivisions recorded pursuant to sections 40–50.1–01 through 40–50.1–17 or recorded prior to July 1, 1987, under former chapter 40–50, the congressional section lines are public roads, open to the width of thirty-three feet [10.06 meters] on each side of such section lines."

Section 24–07–03, N.D.C.C. Thus, the section line in question in this case qualifies as a road under Section 61–14–16, N.D.C.C.

 Next, Hafner contends that the State failed to prove that he willfully watered the section line. When viewing the sufficiency of the evidence on appeal, this Court is required to draw all inferences in favor of the verdict. *State v. Gefroh,* 495 N.W.2d 651, 655 (N.D.1993). We will conclude that a verdict rests upon insufficient evidence " 'only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt' after drawing all inferences in favor of the verdict and viewing all evidence in a light most favorable to the prosecution." *Id.* (quoting *State v. Schill,* 406 N.W.2d 660, 660 (N.D. 1987)). Although Hafner introduced evidence to rebut the willfulness of the watering, the State produced evidence that he was willful in his actions. The trial court obviously found the State's evidence more compelling and believable. As an appellate court, it is not our job to second-guess the trial court's assessment of the credibility and weight of the evidence. On appeal, we are forced to "assume that the [fact finder] believed the evidence which supports the verdict and disbelieved any contrary evidence." *Id.* (quoting *State v. Purdy,* 491 N.W.2d 402, 410 (N.D.1992)). Because the State did introduce evidence supporting the trial court's finding, we cannot disturb that finding on appeal.

For the foregoing reasons we affirm the criminal judgment of the Mercer County Court.

VANDE WALLE, C.J., and LEVINE, SANDSTROM and MESCHKE, JJ., concur.