**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Lorna PACHECO, Defendant and Appellant.**

**Cr. No. 930005.**

Supreme Court of North Dakota.

Sept. 29, 1993.

Lonnie Olson (argued), State's Atty., Devils Lake, for plaintiff and appellee.

Douglas L. Broden (argued), Devils Lake, for defendant and appellant.

MESCHKE, Justice.

Lorna Pacheco appealed from a judgment of conviction of theft of property. We affirm.

The victim, Dayton Sorlie, passed out after drinking heavily at a party at Pacheco's apartment. Phyliss Luger testified that she saw Pacheco and Patrick Peltier take money from Sorlie's wallet while he was incapacitated. Upon observing Luger watching them, Pacheco and Peltier gave Luger five dollars and told her to keep quiet about the theft.

Pacheco was charged with theft of property.[1] Luger testified at trial. Sorlie also testified about his limited recollection of the events of that night. Two additional witnesses testified that Pacheco later bragged that she had "rolled" Sorlie.

Pacheco requested that the jury be instructed that Luger's testimony must be corroborated, because Luger was an accomplice to the crime. The trial court concluded that Luger was not an accomplice and refused to give the requested instruction. The jury returned a guilty verdict, and a judgment of conviction was entered against Pacheco.

Pacheco argues on appeal that the trial court erred in refusing to give the requested corroboration instruction. NDCC 29–21–14 says:

> *Testimony of accomplice—Corroboration required.* A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

---

1. Peltier was also charged and tried jointly with Pacheco. The jury found Peltier not guilty.

Corroboration of an accomplice's testimony is required.

Our current criminal code, adopted in 1973, at NDCC 12.1–03–01(1), defines an accomplice:

1. A person may be convicted of an offense based upon the conduct of another person when:

   a. Acting with the kind of culpability required for the offense, he causes the other to engage in such conduct;

   b. With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having a statutory duty to prevent its commission, he fails to make proper effort to do so; or

   c. He is a coconspirator and his association with the offense meets the requirements of either of the other subdivisions of this subsection.

   A person is not liable under this subsection for the conduct of another person when he is either expressly or by implication made not accountable for such conduct by the statute defining the offense or related provisions because he is a victim of the offense or otherwise.

Pacheco concedes that Luger's conduct here would not make her an accomplice under NDCC 12.1–03–01(1). However, Pacheco asserts that we should apply a broader, more general definition of accomplice to determine whether NDCC 29–21–14 requires corroboration of Luger's testimony.

We have repeatedly applied the statutory definition of accomplice in NDCC 12.1–03–01(1) to gauge the need for corroboration of accomplice testimony. *See State v. Kelley,* 450 N.W.2d 729, 731–732 (N.D.1990); *State v. Lind,* 322 N.W.2d 826, 841 (N.D.1982); *State v. Thorson,* 264 N.W.2d 441, 444 (N.D.1978). *See also State v. Deery,* 489 N.W.2d 887, 888–889 (N.D.Ct.App.1992). We see no reason to depart from the holdings of those cases in favor of a broader definition of accomplice. NDCC 29–21–14 applies only in criminal cases, and "accomplice," when used in a criminal context, is a term of art with a limited, specific meaning.

■■■ Furthermore, a statutory definition is generally applicable throughout the Century Code unless a contrary intention appears. NDCC 1–01–09.[2] *See Ames v. Rose Township Board of Township Supervisors,* 502 N.W.2d 845, 849 (N.D.1993). We interpret NDCC 29–21–14 to require corroboration of testimony only where the witness could be criminally responsible as an accomplice under NDCC 12.1–03–01(1). Because Pacheco concedes that Luger's conduct was not criminal under NDCC 12.1–03–01(1), we conclude that she was not an accomplice. The trial court's refusal to give a corroboration instruction was not error.

We are aware that there is a line of decisions where we have refused to apply certain definitions contained in the criminal code, Title 12.1, to other titles in the Century Code. Those cases dealt with the reach of the culpability requirements in NDCC 12.1–

---

2. NDCC 1–01–09 says:

   *Word defined by statute always has same meaning.* Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears.

   The restricting language "in the same or subsequent statutes" was added by the Code Revisor in the 1961 recodification of the Century Code. The Code Revisor's Notes say:

   The words "in the same or subsequent statutes" have been inserted after the words "whenever it occurs" for clarity in order that the section will not be retroactive.

   Prior to the 1961 recodification, this statute had consistently been interpreted to mean that a word defined by statute carried that definition throughout the code, unless a contrary intention was evident. *See,* for examples, *Universal Motors v. Coman,* 73 N.D. 337, 15 N.W.2d 73, 74 (1944); *Federal Farm Mortgage Corp. v. Berzel,* 69 N.D. 760, 291 N.W. 550, 552 (1940); *Jacobs v. Nelson,* 67 N.D. 27, 268 N.W. 873, 875 (1936); *Grunow v. Simonitsch,* 21 N.D. 277, 130 N.W. 835, 836 (1911).

   In addition to erroneously quoting the statute, which says "wherever it occurs," not "whenever it occurs," the Code Revisor's Note expresses a concern over retroactivity of the section. Clearly there could be little concern over retroactive application of a statute that had remained virtually unchanged since before statehood and had been continuously in effect for 84 years. It appears that the real concern was with the possible retroactive effect of new definitions incorporated into the Code.

02–02. *See In Interest of K.S.*, 500 N.W.2d 603, 606 n. 3 (N.D.1993); *State v. North Dakota Education Association*, 262 N.W.2d 731, 734 (N.D.1978); *City of Dickinson v. Mueller*, 261 N.W.2d 787, 789 (N.D.1977). However, NDCC 12.1–02–02 begins with the phrase, "[f]or the purposes of this title," and its applicability is thereby limited to Title 12.1, the criminal code. Accordingly, decisions construing that statute are inapposite to the definition of an accomplice.

■ Pacheco also argues that the evidence was insufficient to support the verdict of the jury. Appellate review of the sufficiency of the evidence to support a jury verdict is extremely limited. We do not weigh evidence or judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to support the verdict. *State v. Overby*, 497 N.W.2d 408, 414 (N.D. 1993). As we explained in *State v. Hafner*, 499 N.W.2d 596, 597 (N.D.1993), we must assume on appeal that the jury believed the evidence that supports the verdict and disbelieved any contrary evidence.

■ Pacheco's argument raises questions about the credibility of the State's witnesses and the weight to be accorded certain evidence. If there is substantial evidence that warrants a conviction, we do not assess credibility or reweigh the evidence. There is ample evidence in this record to support the jury's verdict.

The judgment of conviction is affirmed.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.