375 N.W.2d 203 (1998)
1998 ND 13
STATE of North Dakota, Plaintiff and Appellee,
v.
Angel ESPARZA, Defendant and Appellant.
Criminal No. 970181.
Supreme Court of North Dakota.
January 21, 1998.
*205 Stephen R. Dawson (argued), Assistant State's Attorney, for plaintiff and appellee.
James F. Lester (argued), Fargo, for defendant and appellant.
MESCHKE, Justice.
[¶ 1] Angel Esparza appealed his jury conviction of conspiracy to commit armed robbery. We affirm his conviction and his sentence.
[¶ 2] On November 15, 1995, two youths left the car that they had been riding in with others, and the two approached a car parked in a West Fargo residential neighborhood. In the parked car, Pat and Cherryl Tendeland and their friend Connie Guler were visiting after their return from a prayer service in Hillsboro. As one of the youths, later identified as Barry Garcia, passed the parked car, he shot into the front passenger window, killed Cherryl, and wounded Pat. Quickly after the shooting, the two youths returned to their waiting car and left the neighborhood.
[¶ 3] After an investigation, the State alleged Barry Garcia, Michael Charbonneau, Ray Martinez, Jaime Guerrero, Juan Guerrero, and Angel Esparza had been cruising the Fargo-Moorhead area that evening while looking for people to rob. The State alleged Ray had been the driver of the car, Barry and Michael had been the youths who had approached the Tendeland's car, and Juan, Jaime, and Angel had remained in the car during the shooting.[1]
[¶ 4] The State charged Angel with the class B felony of conspiracy to commit armed robbery. Upon completion of the State's case at his jury trial, Angel moved for a judgment of acquittal, claiming that accomplice Jaime Guerrero's testimony implicating him had not been sufficiently corroborated. The trial court refused to acquit Angel. The jury found Angel guilty of conspiracy to commit armed robbery. The trial court sentenced Angel to ten years imprisonment with one year suspended on supervised probation.
[¶ 5] On appeal, Angel argues the accomplice testimony of Jaime Guerrero was not corroborated, his conviction was not supported by sufficient evidence, and the trial court relied on an impermissible factor in sentencing.

I. Corroboration
[¶ 6] The law requires corroboration of an accomplice's testimony to convict an accused of a crime:
A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.
NDCC 29-21-14. The purpose of corroboration is "to show that accomplices are reliable witnesses and worthy of credit." State v. Austin, 520 N.W.2d 564, 571 (N.D.1994) (quoting State v. Haugen, 448 N.W.2d 191, 194 (N.D.1989)). As explained in State v. Anderson, 172 N.W.2d 597, 600 (N.D.1969), the existence of corroborating evidence is a question of law, but the weight of the corroborating evidence is for the jury.
[¶ 7] The corroborating evidence required by NDCC 29-21-14 "need not be sufficient, in itself, to warrant a conviction or establish a prima facie case." State v. Thorson, 264 N.W.2d 441, 445 (N.D.1978) (quoting Anderson, 172 N.W.2d at 600). The evidence must corroborate the accomplice on some material fact and tend to connect the accused with the commission of the offense. Id. In Thorson at 445, we explained: "Only after the court has found such corroborative evidence is it allowed to leave the question of the sufficiency of the corroborative evidence to the jury."
[¶ 8] At this trial, Jaime testified Angel had been present at Juan's home in Moorhead on *206 November 14, 1995, when items from a robbery by Barry Garcia were divided. Angel had also been at Juan's house the next night, Jaime testified, about ninety minutes before the Tendeland shooting. Jaime testified he and the other five youths together had then left Juan's house and had driven around the Fargo-Moorhead area, eventually stopping in the West Fargo neighborhood where the Tendeland's were shot. After the shooting, Angel had yelled for Ray, the driver, to stop so Barry and Michael could get back to the car to flee the scene, according to Jaime. The group dropped Angel off at his south Fargo home immediately after the shooting, Jaime testified, and then had stopped at a nearby Subway sandwich shop before returning to Moorhead.
[¶ 9] Victor Guerrero, Juan's brother and Jaime's cousin, corroborated significant parts of Jaime's testimony. Victor testified all six youths named by Jaime, including Angel, had been present at the Guerrero home in Moorhead on the night of the shooting. Victor saw Angel leave the house with the other five youths and go to Victor's mother's car that was later identified at the scene of the shooting.
[¶ 10] Victor's testimony, despite some inconsistencies, thus corroborated Jaime's testimony that Angel had been driving around with the others in the car at the time of the shooting. While evidence of presence alone may not always be enough to convict, "presence at or near the scene of a crime, together with other circumstances, is sufficient to corroborate an accomplice's testimony and to convict." State v. Torres, 529 N.W.2d 853, 855 (N.D.1995) (citing State v. Garcia, 425 N.W.2d 918, 920 (N.D.1988)). Because Victor's non-accomplice testimony "tends to connect [Angel] with the commission of the offense," as required by NDCC 29-21-14, we conclude the trial court did not abuse its discretion in denying Angel's motion for judgment of acquittal.
[¶ 11] Other evidence also corroborated Jaime's testimony. Jaime testified that, shortly before the shooting, the group had stopped at a convenience store. Angel and another youth had gone inside, Jaime said, and Angel had purchased a pop. In her testimony, the convenience store clerk identified the Guerrero car and described a "tall and skinny, young kid," matching Angel's appearance, who had entered her store from that car and purchased a pop, accompanied by another Hispanic youth, on the evening of the shooting.
[¶ 12] Jaime testified, after the shooting, Angel was seated in the backseat of the car, along with Juan and Garcia. Another driver testified she saw a brown car with Minnesota license plates leaving the neighborhood of the shooting with three young men in the backseat. When shown a picture of the Guerrero car, she confirmed it was the car she had seen. While neither the other driver or the store clerk specifically identified Angel, their testimony circumstantially confirmed his presence in the group near the scene.
[¶ 13] Juan Guerrero pleaded guilty to the crime of facilitation of robbery. Ray Martinez pleaded guilty to hindering law enforcement for driving the car from the scene of the shooting. The records of these related convictions were placed in evidence and further corroborated Jaime's testimony.
[¶ 14] In State v. Garcia, 425 N.W.2d 918, 921 (N.D.1988), we held evidence of an accused's presence near the scene of a crime, immediately before and soon after the crime, corroborated an accomplice's testimony. In Thorson, we considered corroborative evidence that included a Camel filter cigarette found at the crime scene. We held this corroborative evidence, even though "circumstantial and slight," was sufficient to submit to the jury because it tended to connect the accused, who smoked that brand, with the commission of the crime. 264 N.W.2d at 446. Here, the aggregate testimony of Victor Guerrero, the convenience store clerk, the witness who saw the Guerrero car leaving the scene, and the guilty pleas of the two other accomplices all tended to connect Angel with the offense and thus satisfactorily corroborated Jaime's testimony.
[¶ 15] Angel relies on State v. Haugen, 449 N.W.2d 784 (N.D.1989), to support his argument that it was only "speculation" about his presence in the car at the scene of the shooting. Indeed, Haugen at 788-89, rejected *207 evidence that the defendant's car was twice seen near the scene of one burglary as the only corroboration of an accomplice's testimony, when the two witnesses who identified defendant's car by sight were unable to identify either the defendant or his testifying accomplice as having been in the car when the witnesses saw it. More apt, however, is our distinct holding in Haugen at 786 that "independent evidence" put the defendant in the company of the testifying accomplice "both before and after" a separate burglary on a different night that had taken place some 60 miles away. We said, "the circumstances of [the accomplice] and Haugen's being together late the night before the early-morning burglary combined with their presence together a few hours after the burglary create an inference that they were together during the intervening hours." Viewing the corroborative evidence as a whole in this case, as we did for the separate burglary in Haugen at 786, we conclude that the evidence as a whole corroborated accomplice Jaime's testimony that Angel engaged in the conspiracy to commit armed robbery.
[¶ 16] We conclude the requirements of NDCC 29-21-14 were met in this case, and the trial court did not abuse its discretion in submitting the accomplice testimony to the jury.

II. Evidence Sufficiency
[¶ 17] Angel argues the evidence at trial, even with Jaime's testimony, was insufficient to convict him of conspiracy to commit armed robbery. Appellate review of the sufficiency of the evidence for a jury verdict is very limited. State v. Pacheco, 506 N.W.2d 408, 410 (N.D.1993). "We will not reverse a criminal conviction unless, after viewing all reasonable inferences favorable to the prosecution, no rational fact finder could have found the defendant guilty beyond a reasonable doubt." State v. Marshall, 531 N.W.2d 284, 288 (N.D.1995) (citations omitted). As we explained in Austin, 520 N.W.2d at 570, a convict challenging evidence must show the evidence, "when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt."
[¶ 18] In this case, Angel had been present the night before this shooting when the spoils of a robbery were divided among the group of six youths. Jaime recounted in detail Angel's participation on the night of the shooting. Jaime's testimony was confirmed by Victor Guerrero, who, shortly before the shooting, witnessed Angel and the other five youths leaving the Guerrero home in the car used in the misadventure. Other witnesses placed a person of Angel's appearance with the group of youths in the car both shortly before and shortly after the shooting. Two members of the group pleaded guilty to related offenses.
[¶ 19] We will not reweigh the evidence and testimony. "If there is substantial evidence that warrants a conviction, we do not assess credibility or reweigh the evidence." Pacheco, 506 N.W.2d at 410. Reviewing this evidence in the light most favorable to the verdict, we conclude there was sufficient evidence to convict Angel of conspiracy to commit armed robbery.

III. Sentencing
[¶ 20] Angel contends the trial judge relied on an impermissible factor in sentencing him. A trial court has wide discretion in sentencing, and "[a]ppellate review of a criminal sentence is generally confined to whether the court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor." State v. Magnuson, 1997 ND 228, ¶ 23, 571 N.W.2d 642 (citing State v. Bell, 540 N.W.2d 599, 601 (N.D.1995)). This sentence was within the range authorized by law, and we see no impermissible factor relied upon in the sentencing.
[¶ 21] At sentencing, the trial court described the seriousness of this crime and mentioned the gun used by Garcia in the robbery. In sentencing, a trial court may properly consider the degree of harm "caused [or] threatened" by the defendant's conduct. NDCC 12.1-32-04(1) and (2). While the trial judge remarked on his personal dislike of guns, the use of a weapon during commission of an armed robbery, even by an associate in the crime, was certainly a permissible factor to weigh in fixing *208 the sentence here. We affirm Angel's sentence.
[¶ 22] We affirm the jury's verdict convicting Angel, and we affirm his sentence.
[¶ 23] VANDE WALLE, C.J., and SANDSTROM, NEUMANN, and MARING, JJ., concur.
NOTES
[1] Barry Garcia was convicted of murder and aggravated assault by a jury. We affirmed his conviction on appeal. State v. Garcia, 1997 ND 60, 561 N.W.2d 599.